## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ZONDRA JOHNSON, ET AL.,**<br>**4901 Dublin Drive**<br>**Suitland, MD 20746**<br>      **Plaintiff,**<br><br>      **v.**<br><br>**ADRIAN M. FENTY, MAYOR OF THE**<br>**DISTRICT OF COLUMBIA**<br>**John A. Wilson Building**<br>**1350 Pennsylvania Avenue, NW**<br>**Washington DC 20004**<br><br>**Defendant.**<br><br>**Served; Office of the Attorney General**<br>**John A. Wilson Building**<br>**1350 Pennsylvania Avenue, NW Suite 409**<br>**Washington, DC 2004** | **Civil Action No.: 07-5239**<br><br><br><br><br><br><br><br><br><br>**Civil Action No.: _____** |

### NOTICE OF REMOVAL

Mayor Adrian Fenty is a defendant in the case of Zondra Johnson et al. v. District of Columbia, Civil Action No. 07-5239, now pending in the Superior Court of the District of Columbia. Pursuant to 28 U.S.C. §§1441 and 1446, this defendant removes the above action from the Superior Court of the District of Columbia to this Honorable Court because the claims raised in plaintiff's complaint present federal questions appropriate for this Court.

Causes of action "founded on a claim or right arising under the Constitution, treaties or laws of the United States" are removable without regard to the citizenship or residence of the parties. See 28 U.S.C. § 1441(b). Pursuant to 28 U.S.C. § 1446, parties have 30 days

after the receipt of the complaint, through service or otherwise, to file its removal of an

action to the United States District Court.  The herein named defendant received a copy

of the Summons and Complaint on or about September 24, 2007.  Pursuant to 28 U.S.C.

§ 1446(a), copies of all process, pleadings and orders received by undersigned counsel in

this matter are attached hereto and incorporated by reference herein.

Respectfully submitted,

Linda Singer
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

_____/s/  Ellen Efros_____
Ellen Efros (250756)
Chief, Equity I

_____/s/  Leah Brownlee Taylor_____
Leah Brownlee Taylor  (488966)
Assistant Attorney General
441 4th Street, Northwest
6th Floor South
Washington, D.C. 20001
202-724-7854


**CERTIFICATE OF SERVICE**

I hereby certify that on this 19th day of October 2007, a copy of the foregoing

Notice of Removal was mailed to:

**Richard Lloyd Thompson**
**Nathaniel D. Johnson, Esq**
**The Law Firm of Nathaniel D. Johnson, LLC**
**3475 Leonardtown Road, Suite 200**
**Waldorf, MD 20602**

Leah Brownlee Taylor
Assistant Attorney General

Filed
D.C. Superior Court
07 Sep 24 P05:27
Clerk of Court

# SUPERIOR COURT
## FOR THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

**ZONDRA JOHNSON, ET AL.**
**4901 Dublin Drive**
**Suitland, MD 20746**

        **Plaintiffs,**

**v.**

**ADRIAN M. FENTY, MAYOR OF THE**
**DISTRICT OF COLUMBIA**
**John A. Wilson Building**
**1350 Pennsylvania Avenue, NW**
**Washington, DC 20004**

        **Defendant.**

**Served: Office of the Attorney General**
**John A. Wilson Building**
**1350 Pennsylvania Avenue, NW, Suite 409**
**Washington, DC 20004**

**Honorable, Judith E. Retchin**
**Civil Action File No.2007CA005239B**

**Next Proceeding: Initial Conference**
**November 2, 2007 @ 9:30 a.m.**

## AMENDED CLASS COMPLAINT FOR
## DAMAGES AND DECLARATORY RELIEF

**NOW COMES** Plaintiff, Zondra Johnson, on behalf of herself and approximately 1,504 District of

Columbia Public School employees, by and through undersigned counsel, and files this amended

class complaint for damages and declaratory relief as follows:

### JURISDICTION AND VENUE

1. This action is authorized and instituted pursuant to 42 U.S.C. §1983, hereinafter "1983"; and,

    declaratory relief is authorized pursuant to SCR-Civil 57.

This Court has jurisdiction over the potential class parties pursuant to SCR-Civil 23 and SCR-Civil 23-I.

## PARTIES

2. "Plaintiff" Zondra Johnson is the class representative of the potential class. Plaintiff is a United States' citizen and resides in the State of Maryland.

3. The potential class is defined as all current and former employees of Defendant's District of Columbia Public School who, similar to Plaintiff, are or where classified into non-union positions and performed comparable work for less pay than their similarly-situated union employees and employees from other sectors, such as the District of Columbia government, federal government and surrounding counties. The size of the potential class is approximately 1,504 employees.

4. "Defendant" Adrian M. Fenty, is the Mayor of the District of Columbia. In his official capacity as Mayor, Defendant governs the District of Columbia Public Schools.

5. District of Columbia Public Schools, hereinafter "DCPS" is as a separate cabinet-level agency, subordinate to the Mayor, within the executive branch of the District of Columbia government.

## STATEMENT OF FACTS

6. On August 23, 2004, Defendant hired Plaintiff into the position of Supervisor for Special Education, in the District of Columbia Public School's Office of Special Education Program Development.

7. One year from the effective date of Plaintiff's employment, she was informed that her position was non-union and that she was not entitled to an annual step increase.

8. Plaintiff's position is classified into the non-union pay grade of EG-14, Step 8[1]. Defendant arbitrarily classifies its Public School employees into either non-union pay grades or ET, a union pay grade.

9. Both of the Supervisor for Special Education positions are comparable in their duties and responsibilities and do not make any distinction between objectively measured factors such as qualifications, working conditions or level of difficulty.

10. The pay grades are not comparable in compensation and benefits because ET employees are paid significantly more than the non-union employees.

11. The following is a comparison between Plaintiff's salary and her ET counterpart:

| Plaintiff/EG-14(step 8) | Union-Counterpart/ET-7 (step 8) |
|---|---|
| 2004   $78,502 | $85,586 |
| 2005   $78,502 | $88,889 |
| 2006   $78,502 | $88,889 |
| 2007   $81,490[2] | $91,000-$95,000 |

12. ET employees receive annual step increases; conversely, EG employees receive a step increase every three years.

13. ET employees are permitted to vest into Defendant's retirement and pension programs after completing three years' of employment; conversely, EG employees cannot vest into Defendant's retirement and pension programs until after completing five years' of employment.

14. Defendant has paid its other District of Columbia employees and union members five cost of living adjustments (COLA) since fiscal year 2000; conversely, Defendant has only paid its non-union EG employees, one COLA since fiscal year 2000.

---

[1] The various pay grades are not clearly defined. See Title 5 DCMR 1102.3 (1994).
[2] Last April, Plaintiff and non-union employees received a 4% cost of living adjustment.

15. In 2006, Defendant's Board of Education retained HGM, Management and Technologies, Inc., (HGM) to study the impact of its pay disparity policy upon DCPS's 1,504 non-union employees.

16. HGM's final report concluded that the disparity in pay ranged between 22.2% and 31% in compensation levels in variance amongst non-union employees and other employment sectors for comparable and otherwise identical positions. The study also concluded that, "[e]mployees at the lower grades are more adversely affected impacting on DCPS's ability to attract qualified candidates in important areas such as Technology, Human Resources and Contracting."

17. Based upon HGM's findings, it recommended various options designed to create pay parity for the 1,504 non-union DCPS employees.

18. On January 17, 2007, during an assembly of the Board of Education, Defendant failed to adopt any of HGM's recommendations that would have created pay parity for the 1,504 non-union employees.

19. The Board of Education then proposed Resolution 07-28, (hereinafter, "Resolution"), titled "Pay Parity for D.C. Non-Union Employees," which acknowledged, "a considerable gap in salary structures will continue to exist between District of Columbia Public School employees and other employees of the D.C. Government."

20. The Resolution adopted paying non-union employees a COLA for one year, which has the effect of perpetuating pay disparity for the 1,504 non-union employees with other D.C. government employees.

21. DCPS's vacancy announcements do not inform applicants that compensation and benefits are directly related to their union or non-union classification. Additionally, the current classification system is outdated and DCPS needs to implement a uniformed personnel infrastructure that will compensate its employees in compliance with the laws of the District of Columbia.

22. Defendant enacted the "Pay Parity Act of 2006," that created pay parity for employees and supervisors outside of DCPS employment. DCPS is the only agency that subjects its employees to a discriminatory pay policy that denies competitive salaries and benefits for comparable work.

## CLASS ACTION ALLEGATIONS

23. This action is properly maintainable as a class under SCR-Civil 23 and SCR-Civil 23-I.

24. Plaintiff, class representative, brings this claim as a class action seeking relief from Defendant for all non-union employees whose positions are comparable to other employee positions within the District of Columbia and local and federal employment sectors for which the rate of pay has been historically higher.

25. The exact number of class members is unknown, but it is estimated that most of the approximately current 1,504 employees are subject to the arbitrary and capricious conduct of Defendant with respect to DCPS. There is also an undefined number of former employees injured by Defendant's conduct. The class is so numerous that joinder of individual members is impracticable.

26. Plaintiff's injuries arise from a set of facts and circumstances common to that of the class she seeks to represent and raises common questions of law.

27. These common questions of law and fact include, but are not limited to, whether the discriminatory pay policies and practices of DCPS result in denial of substantive Equal Protection under the law. Further, whether the actions of Defendant result in violation of the District of Columbia Bill of Rights and other aspects of District of Columbia law with respect to the denial of competitive compensation for comparable and equal work.

28. The claims of Plaintiff are typical of the claims of the class.

29. Plaintiff is able to, and will, fairly and adequately protect the interests of the class.

30. Attorneys for Plaintiff are experienced in employment rights, and in class action litigation, and will fairly and adequately represent the interests of the class.

31. This action is properly maintained as a class action because (a) the prosecution of separate actions by individual members of the class would create a risk of adjudications which would as a practicable matter be dispositive of the interests of the other members or would substantially impair or impede their ability to protect their interests, and/or (b) Defendant has continued to act or refuse to act on grounds generally applicable to the class, making final remedial and declaratory relief appropriate.

## CLAIM I
### VIOLATION OF 42 U.S.C. §1983 EQUAL PROTECTION CLAUSE

32. Plaintiff re-alleges Paragraphs 1 through 31, and incorporates them by reference herein.

33. Plaintiff avers that Defendant maintains a pay disparity policy that discriminates in compensation and benefits of its non-union employees.

34. Plaintiff avers that she was classified as a non-union Supervisor of Special Education, EG-14 at the time of her selection for employment with Defendant.

35. Plaintiff avers that there exists within the District of Columbia Public School system a similarly-situated union position, Supervisor of Special Education, ET-7.

36. Plaintiff alleges that Defendants' unilateral decision to classify Plaintiff's position as non-union was arbitrary and not at all related to the duties she performs, the location of those duties, her qualifications, difficulty of the work, hours of work or any other rational basis for this classification and therefore fails to advance a legitimate governmental interest for the practice

of the pay disparity policy.

37. Plaintiff alleges that there is no significant difference between the duties, responsibilities, or other rational basis that distinguishes her non-union Supervisor of Special Education, EG position and the non-union Supervisor of Special Education, ET position.

38. Plaintiff alleges that the arbitrary classification of her position as non-union has resulted in her receiving substantially less pay than other employees although she performs comparable duties and responsibilities as her similarly-situated counterparts.

39. Plaintiff alleges that Defendant's discriminatory conduct towards its non-union employees is in accordance with its pay disparity policy.

40. Plaintiff has sustained economic damages as a direct result of Defendant's violation of rights afforded her by the Equal Protection Clause of the U.S. Constitution, including loss wages, costs and reasonable attorney fees.


**CLAIM II**
**VIOLATION OF SECTION 21, EQUAL PAY OF**
**THE DISTRICT OF COLUMBIA CODE, ARTICLE I, BILL OF RIGHTS**

41. Plaintiff re-alleges Paragraphs 1 through 40, and incorporates them by reference herein.

42. Plaintiff avers that she had no discretion as to whether or not she could become a union member at the time of her selection for employment.

43. Plaintiff alleges as the Supervisor of Special Education, EG-14, she performs comparable duties and responsibilities as the union Supervisor of Special Education, ET-7.

44. Plaintiff alleges that she is being paid substantially less for the performance of equal work based solely upon her non-union status compared to other public and private sector employees.

45. Plaintiff alleges that she is precluded by Defendant from associating with the collective bargaining unit and enjoying all of its benefits such as competitive compensation, retirement vesting, increased cost of living adjustments, etc.

46. Plaintiff avers that Defendant's conduct is in violation of §21 Equal Pay of the Bill of Rights for the D.C. Code which states that, "All employees shall be guaranteed equal pay for equal work and equal pay for comparable work."

47. Plaintiff has sustained economic and non-economic damages as a direct result of Defendant's violation of her Equal Pay protections afforded her by the D.C. Code, Article I, Bill of Rights, including loss wages, costs and reasonable attorney fees.

## CLAIM III
## VIOLATION OF TITLE 5 DCMR SECTIONS 1100.1(a) & 1102.1

48. Plaintiff re-alleges Paragraphs 1 through 47, and incorporates them by reference herein.

49. Plaintiff alleges that Defendant fails to pay her competitive compensation for the performance of comparable duties and responsibilities without regards to qualifications, or the equality or difficulty of the work.

50. Plaintiff alleges that she should not be subjected to an arbitrary classification into a pay structure that does not pay her competitive compensation for the performance of her position, nor is Plaintiff's compensation comparable to other public or private employment sectors whom perform comparable duties and responsibilities

51. Plaintiff has sustained economic damages as a direct result of Defendant's violation of Title 5 DCMR §§ 1100.1(a) & 1102.1 (2001) and (1994), respectively, afforded to her as a DCPS employee including loss wages, costs and reasonable attorney fees.

**CLAIM IV**
**DECLARATORY RELIEF FOR VIOLATION OF THE**
**LAWS OF THE UNITED STATES AND THE DISTRICT OF COLUMBIA**

52. Plaintiffs re-allege Paragraphs 1 through 51 and incorporate them by reference herein.

53. Plaintiff avers that an actual controversy has arisen and now exists between her, the potential

class members of other non-union DCPS employees, and Defendant concerning their respective

rights and duties in accordance with the laws of the United States and the District of Columbia.

54. Plaintiffs desire a judicial determination of their rights to receive comparable and competitive

compensation for the performance of their duties and responsibilities as employees of DCPS.

55. Plaintiffs believe that a judicial declaration is necessary and appropriate at this time under the

circumstances in order that they may ascertain pay parity and all rights they are entitled to under

the law.

56. Plaintiffs are seeking a judicial declaration that Defendant's discriminatory policy of pay

disparity deprives her and the potential class members of comparable compensation for the

performance of comparable work and is a violation of their rights in accordance with the Fifth

Amendment of the U.S. Constitution and laws of the District of Columbia.

57. Plaintiffs are seeking a judicial declaration that Defendant's outdated classification policies and

practices deprive them of equal compensation for the performance of equal work.

58. That this Court should grant Plaintiff and the potential class members of current and former

DCPS employees' declaratory relief and any further necessary and proper relief as set forth

below, pursuant to SCR-Civil 57.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that this Honorable Court grant her and the class members the following relief, namely:

    (i)     That this Court determine that the employment practices complained of in this Complaint are unlawful in that they violate the Equal Protection Clause of the United State's Constitution; Section 21 of the District of Columbia Code, Article I, Bill of Rights; and Title 5 DCMR §§ 1100.1(a) and 1102.1.

    (ii)    That Defendant pays Plaintiff as class representative loss wages in the sum of $50,000 for liquidated damages.

    (iii)   That Defendant pays Plaintiff's costs and expenses and reasonable attorney's fees as provided in connection with this action.

    (iv)   That this Court therefore grants the potential class members a group of current and former employees a sum of $100 million for loss wages, interests, costs and expenses and reasonable attorney fees and other liquidated damages.

Respectfully submitted on behalf of Plaintiff and the class members:

                                           _____/s/_____

Dated: September 24, 2007      Richard Lloyd Thompson, II, Esq. (D.C. #448816)
                                      Nathaniel D. Johnson, Esq. (Pro Hac Vice)
                                      The Law Firm of Nathaniel D. Johnson, L.L.C.
                                      3475 Leonardtown Road, Suite 200
                                      Waldorf, MD 20602
                                      301-645 – 9103/301-861-0411 (fax)

## <u>CERTIFICATE OF SERVICE</u>

I, Richard L. Thompson, certify that on this date, September 24, 2007, the foregoing Amended
Complaint was filed and served on Defendant's counsel, via electronic case filing.


_____/s/_____
Richard L.Thompson, Esq.

**SUPERIOR COURT**
**OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

FILED
CIVIL ACTIONS BRANCH
JUL 3 0 2007
SUPERIOR COURT
OF THE DISTRICT OF COLUMBIA
WASHINGTON, DC

00052 9-07

**ZONDRA JOHNSON, ET AL.**
**4901 Dublin Drive**
**Suitland, MD 20746**

               **Plaintiffs,**

     **v.**

**DISTRICT OF COLUMBIA**
**(A municipal corporation)**
**1350 Pennsylvania Avenue, N.W.**
**Washington, D.C. 20004**

Serve: Mayor, Adrian A Fenty
Ofc. AG
441 4th St. W-syth D.C

               **Defendant.**

**Civil Action File No._____**

**CLASS COMPLAINT FOR**
**DAMAGES AND DECLARATORY RELIEF**

     **NOW COMES** Plaintiff, Zondra Johnson, on behalf of herself and approximately

1,504 District of Columbia Public School employees, by and through undersigned

counsel, and files this class complaint for damages and declaratory relief as follows:

**JURISDICTION AND VENUE**

1.  This action is authorized and instituted pursuant to 42 U.S.C. §1983, hereinafter

    "1983"; and, declaratory relief is authorized pursuant to SCR-Civil 57.

    This Court has jurisdiction over the potential class parties pursuant to SCR-Civil 23

    and SCR-Civil 23-I.

1



Case: 2007 CA 005239 R
Def: CRBCDJF

**PARTIES**

2. "Plaintiff" Zondra Johnson is the class representative of the potential class. Plaintiff is a United States' citizen and resides in the State of Maryland.

3. The potential class is defined as all current and former employees of Defendant's District of Columbia Public School who, similar to Plaintiff, are or where classified into non-union positions and performed comparable work for less pay than their similarly-situated union employees and employees from other sectors, such as the District of Columbia government, federal government and surrounding counties. The size of the potential class is approximately 1,504 employees.

4. "Defendant" District of Columbia is a municipal corporation.

5. District of Columbia Public Schools, hereinafter "DCPS" is an agency of Defendant.

**STATEMENT OF FACTS**

6. On August 23, 2004, Defendant hired Plaintiff into the position of Supervisor for Special Education, in the District of Columbia Public School's Office of Special Education Program Development.

7. One year from the effective date of Plaintiff's employment, she was informed that her position was non-union and that she was not entitled to an annual step increase.

8. Plaintiff's position is classified into the non-union pay grade of EG-14, Step 8[1]. Defendant arbitrarily classifies its Public School employees into either non-union pay grades or ET, a union pay grade.

9. Both of the Supervisor for Special Education positions are comparable in their duties and responsibilities and do not make any distinction between objectively measured factors such as qualifications, working conditions or level of difficulty.

---

[1] The various pay grades are not clearly defined. See Title 5 DCMR 1102.3 (1994).

10. The pay grades are not comparable in compensation and benefits because ET employees are paid significantly more than the non-union employees.

11. The following is a comparison between Plaintiff's salary and her ET counterpart:

|  | Plaintiff/EG-14(step 8) | Union-Counterpart/ET-7 (step 8) |
|------|----------------|---------------------------|
| 2004 | $78,502 | $85,586 |
| 2005 | $78,502 | $88,889 |
| 2006 | $78,502 | $88,889 |
| 2007 | $81,490[2] | $91,000-$95,000 |

12. ET employees receive annual step increases; conversely, EG employees receive a step increase every three years.

13. ET employees are permitted to vest into Defendant's retirement and pension programs after completing three years' of employment; conversely, ET employees cannot vest into Defendant's retirement and pension programs until after completing five years' of employment.

14. Defendant has paid its other District of Columbia employees and union members five cost of living adjustments (COLA) since fiscal year 2000; conversely, Defendant has only paid its non-union EG employees, one COLA since fiscal year 2000.

15. In 2006, Defendant's Board of Education retained HGM, Management and Technologies, Inc., (HGM) to study the impact of its pay disparity policy upon DCPS's 1,504 non-union employees.

16. HGM's final report concluded that the disparity in pay ranged between 22.2% and 31% in compensation levels in variance amongst non-union employees and other

---

[2] Last April, Plaintiff and non-union employees received a 4% cost of living adjustment.

employment sectors for comparable and otherwise identical positions. The study also concluded that, "[e]mployees at the lower grades are more adversely affected impacting on DCPS's ability to attract qualified candidates in important areas such as Technology, Human Resources and Contracting."

17. Based upon HGM's findings, it recommended various options designed to create pay parity for the 1,504 non-union DCPS employees.

18. On January 17, 2007, during an assembly of the Board of Education, Defendant failed to adopt any of HGM's recommendations that would have created pay parity for the 1,504 non-union employees.

19. The Board of Education then proposed Resolution 07-28, (hereinafter, "Resolution"), titled "Pay Parity for D.C. Non-Union Employees," which acknowledged, "a considerable gap in salary structures will continue to exist between District of Columbia Public School employees and other employees of the D.C. Government."

20. The Resolution adopted paying non-union employees a COLA for one year, which has the effect of perpetuating pay disparity for the 1,504 non-union employees with other D.C. government employees.

21. DCPS's vacancy announcements do not inform applicants that compensation and benefits are directly related to their union or non-union classification. Additionally, the current classification system is outdated and DCPS needs to implement a uniformed personnel infrastructure that will compensate its employees in compliance with the laws of the District of Columbia.

22. Defendant enacted the "Pay Parity Act of 2006," that created pay parity for employees and supervisors outside of DCPS employment. DCPS is the only agency that subjects its employees to a discriminatory pay policy that denies competitive salaries and benefits for comparable work.

## CLASS ACTION ALLEGATIONS

23. This action is properly maintainable as a class under SCR-Civil 23 and SCR-Civil 23-I.

24. Plaintiff, class representative, brings this claim as a class action seeking relief from Defendant for all non-union employees whose positions are comparable to other employee positions within the District of Columbia and local and federal employment sectors for which the rate of pay has been historically higher.

25. The exact number of class members is unknown, but it is estimated that most of the approximately current 1,504 employees are subject to the arbitrary and capricious conduct of Defendant with respect to DCPS. There is also an undefined number of former employees injured by Defendant's conduct. The class is so numerous that joinder of individual members is impracticable.

26. Plaintiff's injuries arise from a set of facts and circumstances common to that of the class she seeks to represent and raises common questions of law.

27. These common questions of law and fact include, but are not limited to, whether the discriminatory pay policies and practices of DCPS result in denial of substantive Equal Protection under the law. Further, whether the actions of Defendant result in violation of the District of Columbia Bill of Rights and other aspects of District of

5

Columbia law with respect to the denial of competitive compensation for comparable and equal work.

28. The claims of Plaintiff are typical of the claims of the class.

29. Plaintiff is able to, and will, fairly and adequately protect the interests of the class.

30. Attorneys for Plaintiff are experienced in employment rights, and in class action litigation, and will fairly and adequately represent the interests of the class.

31. This action is properly maintained as a class action because (a) the prosecution of separate actions by individual members of the class would create a risk of adjudications which would as a practicable matter be dispositive of the interests of the other members or would substantially impair or impede their ability to protect their interests, and/or (b) Defendant has continued to act or refuse to act on grounds generally applicable to the class, making final remedial and declaratory relief appropriate.

## CLAIM I
## VIOLATION OF 42 U.S.C. §1983 EQUAL PROTECTION CLAUSE

32. Plaintiff re-alleges Paragraphs 1 through 31, and incorporates them by reference herein.

33. Plaintiff avers that Defendant maintains a pay disparity policy that discriminates in compensation and benefits of its non-union employees.

34. Plaintiff avers that she was classified as a non-union Supervisor of Special Education, EG-14 at the time of her selection for employment with Defendant.

35. Plaintiff avers that there exists within the District of Columbia Public School system a similarly-situated union position, Supervisor of Special Education, ET-7.

36. Plaintiff alleges that Defendants' unilateral decision to classify Plaintiff's position as non-union was arbitrary and not at all related to the duties she performs, the location of those duties, her qualifications, difficulty of the work, hours of work or any other rational basis for this classification and therefore fails to advance a legitimate governmental interest for the practice of the pay disparity policy.

37. Plaintiff alleges that there is no significant difference between the duties, responsibilities, or other rational basis that distinguishes her non-union Supervisor of Special Education, EG position and the non-union Supervisor of Special Education, ET position.

38. Plaintiff alleges that the arbitrary classification of her position as non-union has resulted in her receiving substantially less pay than other employees   although she performs comparable duties and responsibilities as her similarly-situated counterparts.

39. Plaintiff alleges that Defendant's discriminatory conduct towards its non-union employees is in accordance with its pay disparity policy.

40. Plaintiff has sustained economic as a direct result of Defendant's violation of rights afforded her by the Equal Protection Clause of the U.S. Constitution, including loss wages, costs and reasonable attorney fees.

**CLAIM II**
**VIOLATION OF SECTION 21, EQUAL PAY OF**
**THE DISTRICT OF COLUMBIA CODE, ARTICLE I, BILL OF RIGHTS**

41. Plaintiff re-alleges Paragraphs 1 through 40, and incorporates them by reference herein.

42. Plaintiff avers that she had no discretion as to whether or not she could become a union member at the time of her selection for employment.

43. Plaintiff alleges as the Supervisor of Special Education, EG-14, she performs comparable duties and responsibilities as the union Supervisor of Special Education, ET-7.

44. Plaintiff alleges that she is being paid substantially less for the performance of equal work based solely upon her non-union status compared to other public and private sector employees.

45. Plaintiff alleges that she is precluded by Defendant from associating with the collective bargaining unit and enjoying all of its benefits such as competitive compensation, retirement vesting, increased cost of living adjustments, etc.

46. Plaintiff avers that Defendant's conduct is in violation of §21 Equal Pay of the Bill of Rights for the D.C. Code which states that, "All employees shall be guaranteed equal pay for equal work and equal pay for comparable work."

47. Plaintiff has sustained economic and non-economic damages as a direct result of Defendant's violation of her Equal Pay protections afforded her by the D.C. Code, Article I, Bill of Rights, including loss wages, costs and reasonable attorney fees.

**CLAIM III**
**VIOLATION OF TITLE 5 DCMR SECTIONS 1100.1(a) & 1102.1**

48. Plaintiff re-alleges Paragraphs 1 through 47, and incorporates them by reference herein.

49. Plaintiff alleges that Defendant fails to pay her competitive compensation for the performance of comparable duties and responsibilities without regards to qualifications, or the equality or difficulty of the work.

50. Plaintiff alleges that she should not be subjected to an arbitrary classification into a pay structure that does not pay her competitive compensation for the performance of her position, nor is Plaintiff's compensation comparable to other public or private employment sectors whom perform comparable duties and responsibilities

51. Plaintiff has sustained economic damages as a direct result of Defendant's violation of Title 5 DCMR §§ 1100.1(a) & 1102.1 (2001) and (1994), respectively, afforded to her as a DCPS employee including loss wages, costs and reasonable attorney fees.

**CLAIM IV**
**DECLARATORY RELIEF FOR VIOLATION OF THE**
**LAWS OF THE UNITED STATES AND THE DISTRICT OF COLUMBIA**

52. Plaintiffs re-allege Paragraphs 1 through 51 and incorporate them by reference herein.

53. Plaintiff avers that an actual controversy has arisen and now exists between her, the potential class members of other non-union DCPS employees, and Defendant concerning their respective rights and duties in accordance with the laws of the United States and the District of Columbia.

54. Plaintiffs desire a judicial determination of their rights to receive comparable and competitive compensation for the performance of their duties and responsibilities as employees of DCPS.

55. Plaintiffs believe that a judicial declaration is necessary and appropriate at this time under the circumstances in order that they may ascertain pay parity and all rights they are entitled to under the law.

56. Plaintiffs are seeking a judicial declaration that Defendant's discriminatory policy of pay disparity deprives her and the potential class members of comparable compensation for the performance of comparable work and is a violation of their rights in accordance with the Fifth Amendment of the U.S. Constitution and laws of the District of Columbia.

57. Plaintiffs are seeking a judicial declaration that Defendant's outdated classification policies and practices deprive them of equal compensation for the performance of equal work.

58. That this Court should grant Plaintiff and the potential class members of current and former DCPS employees' declaratory relief and any further necessary and proper relief as set forth below, pursuant to SCR-Civil 57.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that this Honorable Court grant her and the class members the following relief, namely:

(i)     That this Court determine that the employment practices complained of in this Complaint are unlawful in that they violate the Equal Protection Clause of the United State's Constitution; Section 21 of the District of Columbia Code, Article I, Bill of Rights; and Title 5 DCMR §§ 1100.1(a) and 1102.1.

(ii)    That Defendant pays Plaintiff as class representative loss wages in the sum of $50,000 for liquidated damages.

(iii)   That Defendant pays Plaintiff's costs and expenses and reasonable attorney's fees as provided in connection with this action.

(iv)    That this Court therefore grants the potential class members a group of current and former employees  a sum of $100  million for loss wages, interests, costs and expenses and reasonable attorney fees and other liquidated damages.

Respectfully submitted on behalf of Plaintiff and the class members:

Dated: July 30, 2007

Richard Lloyd Thompson, II, Esq. (D.C. #448816)
Nathaniel D. Johnson, Esq. (Pro Hac Vice)
The Law Firm of Nathaniel D. Johnson, L.L.C.
3475 Leonardtown Road, Suite 200
Waldorf, MD 20602
301-645 – 9103/301-861-0411 (fax)

11



**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

ZONDRA JOHNSON
    Vs.
DISTRICT OF COLUMBIA

C.A. No.    2007 CA 005239 B

## INITIAL ORDER AND ADDENDUM

    Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

    (1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

    (2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

    (3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

    (4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

    (5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to: Judge JUDITH E RETCHIN
Date:  July 30, 2007
Initial Conference: 9:30 am, Friday, November 02, 2007
Location:  Courtroom 220
          500 Indiana Avenue N.W.
          WASHINGTON, DC 20001

Caio.doc

### ADDE    UM TO INITIAL ORDER AFFEC    .G
### ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.). "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"). prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 105, 515 5th Street, N.W. (enter at Police Memorial Plaza entrance). Plaintiffs counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Rufus G. King, III

Caio.doc

# Superior Court of the District of Columbia
## CIVIL DIVISION — CIVIL ACTIONS BRANCH

### INFORMATION SHEET

0005239-07

Zondra Johnson

vs.

District of Columbia

Case Number: _____

Date: __7/30/07_____

| | |
|---|---|
| **Name:** *(please print)* Richard L Thayer III | **Relationship to Lawsuit** |
| Firm Name: Nathaniel Johnson, LLC | ☐ Attorney for Plaintiff |
| Telephone No.: 301 645-910   Unified Bar No.: 448416 | ☐ Self (Pro Se) |
| | Other: _____ |

TYPE OF CASE:   ☐ Non-Jury      ☒ 6 Person Jury         ☐ 12 Person Jury

Demand: $ 85,000,000 _____     Other: _____

**PENDING CASE(S) RELATED TO THE ACTION BEING FILED**

Case No. _____ Judge _____ Calendar # _____

Case No. _____ Judge _____ Calendar # _____

---

**NATURE OF SUIT:**  *(Check One Box Only)*

**A. CONTRACTS**
- ☐ 01 Breach of Contract
- ☐ 02 Breach of Warranty
- ☐ 06 Negotiable Instrument
- ☐ 15 Other: _____

- ☐ 07 Personal Property
- ☐ 09 Real Property-Real Estate
- ☐ 12 Specific Performance

**COLLECTION CASES**
- ☐ 14 Under $25,000 Pltf. Grants Consent
- ☐ 16 Under $25,000 Consent Denied
- ☐ 17 OVER $25,000

**B. PROPERTY TORTS**
- ☐ 01 Automobile
- ☐ 02 Conversion
- ☐ 07 Shoplifting, D.C. Code § 3-441

- ☐ 03 Destruction of Private Property
- ☐ 04 Property Damage

- ☐ 05 Trespass
- ☐ 06 Other: _____

**C. PERSONAL TORTS**
- ☐ 01 Abuse of Process
- ☐ 02 Alienation of Affection
- ☐ 03 Assault and Battery
- ☐ 04 Automobile
- ☐ 05 Deceit (Misrepresentation)
- ☐ 06 False Accusation
- ☐ 07 False Arrest
- ☐ 08 Fraud

- ☐ 09 Harassment
- ☐ 10 Invasion of Privacy
- ☐ 11 Libel and Slander
- ☐ 12 Malicious Interference
- ☐ 13 Malicious Prosecution
- ☐ 14 Malpractice Legal
- ☐ 15 Malpractice Medical
- ☐ 16 Negligence

- ☐ 17 Personal Injury
- ☐ 18 Wrongful Death
- ☐ 19 Wrongful Eviction
- ☐ 20 Other: _____
- ☐ 21 Asbestos
- ☐ 22 Toxic/Mass Torts

**SEE REVERSE SIDE AND CHECK HERE ☐ IF USED**

Form CV(6)-496/Feb. 95

5-0993-1 wd-354

Filed
D.C. Superior Court
07 Aug 22 P02:54
Clerk of Court

### SUPERIOR COURT
### OF THE DISTRICT OF COLUMBIA

Zondra Johnson, et al.     :
4901 Dublin Drive      :
Suitland, Maryland 20746   :
            :
   Plaintiffs,     : Civil Action File No. 2007CA005239B
            : Honorable Judge Judith E. Retchin
   v.       : Next Event: Initial Conference
            : November 02, 2007
ADRIAN M. FENTY, MAYOR OF THE :
DISTRICT OF COLUMBIA   :
John A. Wilson Building    :
1350 Pennsylvania Avenue, NW  :
Washington, DC 20004    :
            :
   Defendant.    :
            :
Served:  Office of the Attorney General :
John A. Wilson Building    :
1350 Pennsylvania Avenue, NW, Suite 409 :
Washington, D.C. 20004    :

---

### **APPEARANCE**

   COMES NOW, undersigned counsel, and enters his appearance on behalf of

Plaintiff in the above-captioned litigation.

Dated:  August 22, 2007      _____/s/_____
                Reuben B. Collins, II, (#459751)
                COLLINS & TALLEY, LLC
                P.O. Box 1857
                La Plata, Maryland 20646
                (301) 934-4366
                (301) 934-1668 *facsimile*



# IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## WASHINGTON, DC

**ZONDRA JOHNSON**
     **Plaintiff**
    **Case No.:**  **2007 CA 005239B**

 v.

**DISTRICT OF COLUMBIA**
**(OFFICE OF THE ATTORNEY GENERAL)**
     **Defendant**

> FILED
> CIVIL ACTIONS BRANCH
> SEP 2 8 2007
> SUPERIOR COURT
> OF THE DISTRICT OF COLUMBIA
> WASHINGTON, DC

*I solemnly affirm under the penalties of perjury that the contents of the foregoing affidavit are true to the best of my knowledge, information and belief and do further affirm that I am a competent person over 18 years of age and not party to the case. That within the boundaries of the state where service was effected, I was authorized by law to perform said service.*

### AFFIDAVIT OF SERVICE

I HEREBY CERTIFY THAT ON **SEPTEMBER 24, 2007** AT **3:47 PM**, THE FOLLOWING WAS

SERVED ON **THE OFFICE OF THE ATTORNEY GENERAL** BY **BUSINESS SERVICE** ACCEPTED

BY **SAMUEL KAPLAN** AS **ASSISTANT DEPUTY OF THE CIVIL LITIGATION DIVISION** AT

**441 4TH STREET NW, SUITE 600S, WASHINGTON, DC 20001:**

- SUMMONS (ISSUED 7/30/2007)
- INITIAL ORDER AND ADDENDUM
- CLASS COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF

**DESCRIPTION:**

SEX: **MALE**  RACE: **CAUCASIAN**  HAIR: **BLACK**  AGE: **45**  HT/WT: **5'8/185**

*The individual accepting service acknowledged being an officer authorized to accept service of process on behalf of the business, was informed of the general nature of the documents being served, was 18 years of age or older, of suitable discretion, and is not currently serving in the U.S. Armed Forces.*

Case: 2007 CA 005239 B
8025627894
Dkt: CIVASSC

CHANCE MANLEY
CHANCELLOR & ASSOCIATES PROCESS SERVERS
P.O. BOX 425, GREENBELT, MD 20768

SWORN AND SUBSCRIBED BEFORE ME

THIS 24 DAY OF September, 2007

LAURELLE M. MANLEY
NOTARY PUBLIC STATE OF MARYLAND
PRINCE GEORGE'S COUNTY
MY COMMISSION EXPIRES: 6-17-2011
3025627 GORHAMC 10/03/2007 3:08:34 PM

CA Form 1

# Superior Court of the District of Columbia

### CIVIL DIVISION
**500 Indiana Avenue, N.W., Room JM-170**
**Washington, D.C. 20001 Telephone: 879-1133**

Zandra Johnson, et Al
4901 Dublin Drive
Suitland, MD 20746

*Plaintiff*

vs.

Adrian Fenton Mayor of District of Columbia
Jose Mayor A. Fenty          *Defendant*
John A. Wilson Building
1350 Pennsylvania Ave, NW 5th 409
Washington, DC 20004

Civil Action No. 2007 CA 001239 B



**SUMMONS**

Case: 2007 CA 005239 B

## To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

Richard L. Thompson, Jr.
**Name of Plaintiff's Attorney**

3475 Leonardtown Rd Ste 200
**Address**
Waldorf, MD 20602

301 645-9103
**Telephone**

By _____
                          **Deputy Clerk**

Date 10-30/07

**PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170**

**YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170**

### NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

CV(6)-456/May 03

3036650 VANCES 10/05/2007 2:49:12 PM

cx/

**CA Form 1**

## Superior Court of the District of Columbia
### CIVIL DIVISION
**500 Indiana Avenue, N.W., Room JM-170**
**Washington, D.C. 20001 Telephone: 879-1133**

Zandra Johnson, ChA

*Plaintiff*

vs.

Adam M Healy
May and Wisker of Columbia
Save Atty General's Office
441 4th street, NW
Washington, DC 20001

*Defendant*

Civil Action No. 2007 CA 5239 B



**SUMMONS**

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

Richard L Thompson, II
**Name of Plaintiff's Attorney**

3475 Leonardtown Rd Ste 200
**Address**

Waldorf, MD 20602

301  645-9103
**Telephone**

By _____
**Deputy Clerk**

Date 10 - 01 - 07

**PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170**

**YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170**

**NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.**

CV(6)-456/May 03

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
### 500 Indiana Avenue, N.W., Room JM-170
### Washington, D.C. 20001 Telephone: 879-1133

_Zandra Johnson_

*Plaintiff*

(00001 9-07

VS.

Civil Action No. _____

_District of_
_Columbia,_
_Ofc. of Mayor_

*Defendant*

**SUMMONS**

To the above named Defendant:

     You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

     You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

_Richard C. Thompson, II_

Name of Plaintiff's Attorney

_3475 Cecund tr Rd_
_# 200_

Address

_Waldorf MD 30164-5103_

Telephone

*Clerk of the Court*

By _Crystal Kelley_

Deputy Clerk

Date _July 30, 2007_

**PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170**

**YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170**

**NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.**

CV(6)-456/May 03

CA Form 1

# Superior Court of the District of Columbia

**CIVIL DIVISION**
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001 Telephone: 879-1133

*Zandra Johnson*

0.0.5239-07

*Plaintiff*

vs.                                                              Civil Action No. _____

*District of*
*Columbia*
*Qtc. of the*                   *Defendant*
*Attorney General*

**SUMMONS**

To the above named Defendant:

    You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

    You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

*Richard L Thompson II*
Name of Plaintiff's Attorney

*3475 Cranwell Rd*                    By *Crystal Kelley*
Address 200 Oxfon MD                              Deputy Clerk

*301 645 8103      20602*          Date *July 30, 2007*
Telephone

**PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170**

**YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170**

NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

CV(6)-456/May 83

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS

ZONDRA JOHNSON, ET AL.
4901 Dublin Drive
Suitland, MD 20746

55575

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Richard Lloyd Thompson
Nathaniel D. Johnson, Esq
The Law Firm of Nathaniel D. Johnson, LLC
3475 Leonardtown Road, Suite 200
Waldorf, MD 20602

## DEFENDANTS

ADRIAN M. FENTY, MAYOR OF THE
DISTRICT OF COLUMBIA)
John A. Wilson Building
1350 Pennsylvania Avenue, NW
Washington DC 20004

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF
LAND INVOLVED

ATTORNEYS (IF KNOWN)

Case: 1:07-cv-01890
Assigned To : Lamberth, Royce C.
Assign. Date : 10/19/2007
Description: Civil Rights-Non-Employ.

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
◉ 3 Federal Question (U.S. Government Not a Party)
○ 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust

☐ 410 Antitrust

### ○ B. Personal Injury/ Malpractice

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ◉ E. General Civil (Other)        OR        ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ **G. Habeas Corpus/ 2255** | ○ **H. Employment Discrimination** | ○ **I. FOIA/PRIVACY ACT** | ○ **J. Student Loan** |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (If Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ **K. Labor/ERISA (non-employment)** | ◉ **L. Other Civil Rights (non-employment)** | ○ **M. Contract** | ○ **N. Three-Judge Court** |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☒ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

○ 1 Original Proceeding ◉ 2 Removed from State Court ○ 3 Remanded from Appellate Court ○ 4 Reinstated or Reopened ○ 5 Transferred from another district (specify) ○ 6 Multi district Litigation ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

42 USC 1983, Equal Protection Clause

**VII. REQUESTED IN COMPLAINT**   ☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   **DEMAND $** 100 million dollars   Check YES only if demanded in complaint   **JURY DEMAND:**   YES ☐   NO ☒

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☒   NO ☐   If yes, please complete related case form.

DATE 10/18/07   SIGNATURE OF ATTORNEY OF RECORD   _[signature]_

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.