UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

_____

**Zondra Johnson, ET AL.**
**4901 Dublin Drive**
**Suitland, MD 20746**

     **Plaintiffs,**

     **v.**

**Adrian M. Fenty,**

     **Defendant.**
_____

Civil Action No. 07-1890 (RCL)

# **DEFENDANT ADRIAN M. FENTY'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Defendant Adrian M. Fenty hereby moves, by and through undersigned counsel and pursuant to Fed. Ct. Civ. R. 12(b)(6), for an order dismissing plaintiff's Amended Complaint against him. As grounds therefore, the defendant states as follows:

1.) Plaintiff has failed to serve the defendant pursuant to the mandates of Fed. R. Civ. P. 4(e)(2).

2.) Plaintiff's lawsuit as against Mayor Adrian M. Fenty may not be maintained as he has been sued in his official capacity only.

3.) The District of Columbia should not be substituted as the proper party defendant because the plaintiff has failed to set forth a viable claim of liability.

4.) The Fourteenth Amendment's Equal Protection Clause is not applicable to the District of Columbia.

5) Plaintiff is Not Entitled to Declaratory Relief.

A Memorandum of Points and Authorities in support of this Motion, along with a proposed Order, is attached hereto.

        Respectfully submitted,

        LINDA SINGER
        Attorney General for the District of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General, Civil Litigation Division

          /s/
        ELLEN EFROS [250746]
        Chief, Equity, Section I

          /s/
        LEAH BROWNLEE TAYLOR [488966]
        Assistant Attorney General
        441 4th Street, N.W.
        Sixth Floor South
        Washington, D.C. 20001
        (202) 724-7854; (202) 727-6295
        leah.taylor@dc.gov

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

_____  )
                                     )
**Zondra Johnson, ET AL.**           )
**4901 Dublin Drive**                )
**Suitland, MD 20746**               )
                                     )
         **Plaintiffs,**             )
                                     )
            **v.**                   )
                                     )   Civil Action No. 07-1890 (RCL)
**Adrian M. Fenty,**                 )
                                     )
         **Defendant.**              )
_____  )


**DEFENDANT MAYOR ADRIAN M. FENTY'S
MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF HIS MOTION TO DISMISS
PLAINTIFF'S AMENDED COMPLAINT**

In support of his Motion to Dismiss plaintiff's Amended Complaint, defendant Mayor Adrian M. Fenty herein states as follows:

Preliminary Statement

Plaintiff avers that on August 23, 3004, she was hired into the position of Supervisor for Special Education in the District of Columbia's Pubic School's Office of Special Education Program Development and informed that her position was non-union. *See* Amended Complaint at ¶ ¶6-7.  Plaintiff alleges that she is classified into a non-union pay grade of EG-14, Step 8, and that her union counterpart is classified as ET, union pay grade.  Plaintiff claims that both Supervisor for Special Education positions, union and non union, are comparable in their duties and responsibilities, but that she and other non union employees are paid significantly less than their union counterparts. *See* Amended Complaint at ¶¶8-9.  Plaintiff further alleges union

3

employees are allowed to vest into the District retirement and pension program after three years but non-union employees cannot vest until five years of employment. *See* Amended Complaint at ¶¶13-14.  Plaintiff also alleges that union employees have received more cost of living adjustments than non-union employees.

Plaintiff has filed suit against Adrian M. Fenty, who, according to the plaintiff, "governs" the District of Columbia Public Schools in his official capacity as Mayor. Plaintiff's lawsuit makes conclusory claims regarding the defendant Fenty's classification of her position as "non-union" without any factual or legal support. *See* Amended Complaint, generally.  For the foregoing reasons, plaintiff's lawsuit against Mayor Fenty should be dismissed.

A.      **Standard to be Applied for Dismissal Pursuant to Fed. R. Civ. P. 12(b)(6)**

The Supreme Court has recently clarified the standard by which a complaint challenged  by a Rule 12(b)(6) motion must be judged.  In *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (May 21, 2007), the Court held that, while a complaint so attacked "does not need detailed factual allegations, [it] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Slip op.* at 8 (citing, *inter alia*, *Papasan v. Allain,* 478 U.S. 265, 286 (1986).

The Court specifically disavowed *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957), which innumerable courts have cited over the decades for the proposition that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." The *Bell Atlantic* Court wrote:

> *Conley*'s "no set of facts language has been questioned, criticized, and explained away long enough. [A]fter puzzling the profession for 50 years, this famous observation has earned its retirement. The phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard . . . . *Conley*, then,

4

>described the breadth of opportunity to prove what an adequate complaint claims, not the minimum standard of adequate pleading to govern a complaint's survival.

*Bell Atlantic*, *supra*, 127 S.Ct. at 1969.

The Court has determined that for a complaint to survive a Rule 12(b)(6) motion to dismiss, there must be a "'reasonably founded hope that the [discovery] process will reveal relevant evidence' to support the claim." *Id*. at n.8 (quoting *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 347 (2005)). Plaintiff's Amended Complaint should be dismissed under Rule 12(b)(6) because there are no reasonable grounds to infer that discovery would reveal that the plaintiff is entitled to relief..

**B.      Plaintiff Has Failed to Effectuate Proper Service**

On or about October 19, 2007, the defendant removed this case from the Superior Court of the District of Columbia to the United States District Court for the District of Columbia pursuant to 42 U.S.C. §§ 1441, and 1446.  *See* Docket #1.   Pursuant to the express language of Fed. R. Civ. P. 4(e)(2), a plaintiff bringing suit against an individual within the United States must personally serve the individual or their agent with a copy of the summons, complaint and initial order.  The language of Fed. R. Civ. P. 4(e)(2),setting forth the elements of proper service on an individual within the United States is unambiguous in its mandate.  According to the statute, service may be effected on an individual within the United States by delivering ""a copy of the summon, complaint and initial order to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summon, complaint and initial order to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2).  Both statutes set forth precisely what steps must be taken to properly serve an

individual defendant within the United States. Without completion of those steps, including proper delivery of the summons to the individual or their authorized agent, process has not been served.

It is clear that plaintiff has not met the mandatory service provisions set forth in SCR-Civil 4(e)(2) or Fed. R. Civ. P. 4(e)(2). The defendant was not served, nor was an authorized agent of the defendant served. *See* Docket #1. It is well settled that service upon anyone other than an authorized designee does not constitute valid service. *See Eldridge v. District of Columbia*, 866 A.2d 786 (D.C. 2004). Plaintiff's failure to properly serve the named defendant in this litigation requires dismissal of her court action against this defendant.

**C.    The Lawsuit Against Defendant Fenty is an Official-Capacity Suit.**

Plaintiff has sued defendant Adrian M. Fenty in his official-capacity only. There are no allegations in the Amended Complaint that reflect Mayor Fenty had any personal knowledge of and/or involvement in the pay disparity alleged by plaintiff. *See Complaint generally.* The Amended Complaint merely states that the Mayor "governs the District of Columbia Public Schools." *See* Amended Complaint at ¶4. The U.S. Supreme Court has ruled upon the issue of official-capacity suits. They have held that,

> Official-capacity suits..."generally represent only another way of pleading an action against an entity of which an officer is an agent." [Citation omitted.] As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. [Citation omitted.] ...the real party in interest is the entity. Thus, ... a plaintiff seeking to recover on a damages judgment in an official-capacity suit must look to the government entity itself.

*Kentucky v. Graham*, 473 U.S. 159 (1985). *See, e.g. Bell v. City of Washington*, D.C. No. 05-1372, 2006 WL 1933815, at *3 (D.D.C. July 10, 2006)("A §1983 claim can only be brought against a government official who was personally and directly involved in the wrongful acts.").

Furthermore, the Amended Complaint fails to cite any authority for the conclusory claim that Mayor Fenty determines union and non union classifications. *See* Amended Complaint at ¶ 8. As a matter of law, the Public Employee Relations Board ( the "PERB") is empowered with the legal authority to "resolve unit determination questions and other representation issues." *See* D.C. Official Code § 1-605.02 (1). Thus, the PERB is empowered to make determinations of union and non union classifications. Consequently, the Mayor is not the proper party defendant and the action against defendant Mayor Fenty should be dismissed.

D.      **The District of Columbia Should Not Be Substituted as the Party Defendant**.

Although the District of Columbia may be the proper party defendant in lieu of the Mayor in this case, it should not be substituted as the defendant because plaintiff has failed to set forth a viable claim against it. Plaintiff seeks to hold the District of Columbia, through the Mayor, liable for an alleged violation of " §21 Equal Pay of the Bill of Rights for the D.C. Code" - a purported statutory law that does not exist in the District of Columbia Official Code. *See* Amended Complaint at ¶46. The plaintiff conspicuously fails to properly cite to this purported statutory law. *See* Amended Complaint at ¶46. The plaintiff also seeks to hold the District of Columbia, through the Mayor, liable for an alleged violation of the Equal Protection Clause. As discussed in detail below, the plaintiff cannot hold the District liable for a violation of the Fourteenth Amendment. For the foregoing reasons, and for the reasons discussed below, should this Court substitute the District as a party defendant, plaintiff's claims against the District can not be maintained. Accordingly, plaintiff's lawsuit should be dismissed.

**E**.     **Plaintiff's Complaint Does Not State a Valid Equal Protection Claim under the 14th Amendment.**

Under Claim I, the plaintiff also alleges that the defendant has violated the Equal Protection Clause. *See* Amended Complaint, generally. The Fourteenth Amendment states that " No state shall . . . deprive any person of life, liberty, or property without due process of law . . ." Thus, the Fourteenth Amendment expressly applies only to the States; it does not apply to the District of Columbia. *See Bolling v. Sharpe*, 347 U.S. 497. 498 (holding that the Fourteenth Amendment does not apply to the Distict of Columbia ) Therefore, plaintiff's equal protection claim, to the extent it is based on an alleged violation of the Fourteenth Amendment, must fail.

**F.     Plaintiff is Not Entitled to Declaratory Relief.**

Plaintiff avers that while she seeks compensatory damages under 42 U.S.C. § 1983, she also seeks declaratory relief.  The defendant has moved for dismissal of this action because plaintiff has not demonstrated that there has been any constitutional violation or claims that entitle her to relief against the defendant.  Since dismissal of the underlying claims is appropriate, plaintiff is not entitled to declaratory relief.

## Conclusion

Plaintiff's claims against Mayor Fenty may not be maintained.  Mayor Fenty cannot be sued in his official capacity. The District of Columbia should not be substituted as a party defendant in this action because plaintiff has failed to make any viable claims that would entitle her to relief.

WHEREFORE, defendant Adrian M. Fenty seeks dismissal of the instant lawsuit against him with prejudice.

Respectfully submitted,

LINDA SINGER
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

    /s/
ELLEN EFROS [250746]
Chief, Equity, Section I

    /s/
LEAH BROWNLEE TAYLOR [488966]
Assistant Attorney General
441 4th Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-7854; (202) 727-6295
leah.taylor@dc.gov

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

_____ )
                                  )
**Zondra Johnson, ET AL.**        )
**4901 Dublin Drive**             )
**Suitland, MD 20746**            )
                                  )
      **Plaintiffs,**             )
                                  )
      **v.**                      )
                                  )   **Civil Action No. 07-1890 (RCL)**
**Adrian M. . Fenty,**            )
                                  )
      **Defendant.**              )
_____ )

O R D E R

Upon consideration of defendant Adrian M. Fenty's Motion to Dismiss, the response thereto, if any, and the record herein, it is by the Court this \_\_\_\_\_ day of _____, 2007,

ORDERED:   that the Motion is GRANTED; and it is

FURTHER ORDERED:   that plaintiff's Amended Complaint be DISMISSED WITH PREJUDICE against Adrian M. Fenty.

_____
Judge, Royce Lamberth

Cc:   Leah Brownlee Taylor
      Assistant Attorney General
      441 Fourth St., N.W., 6th Floor South
      Washington, D.C. 20020

      Richard Lloyd Thompson II, Esq.
      Nathaniel D.Johnson, Esq
      The Law Firm of Nathaniel D. Johnson, LLC
      3475 Leonardtown Road, Suite 200
      Waldorf, MD 20602