THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ZONDRA JOHNSON, ET AL.<br><br>**Plaintiff,**<br><br>v.<br><br>ADRIAN M. FENTY, MAYOR<br><br>**Defendant.** | Civil Action No. 07-cv-01890 (RCL) |

### PLAINTIFF'S OPPOSITION

### TO DEFENDANT'S MOTION TO DISMISS

**NOW COMES** Plaintiff, Zondra Johnson, and opposes Defendant's motion to dismiss her Amended Complaint. In support of this opposition, Plaintiff states herein as follows:

### PROCEDURAL HISTORY

Plaintiff initiated this civil action against the District of Columbia on July 30, 2007, for damages and declaratory relief. See Plaintiff's Amended Complaint. The summonses were issued on July 31, 2007. (See Dkt. No. 1). Plaintiff executed service of process on September 28, 2007 on the Office of Attorney General. Plaintiff filed her Amended Complaint on October 1, 2007, adding Adrian Fenty, Mayor, in his official capacity. Id. Prior to execution of service of the Amended Complaint, however, on October 19, 2007, this action was removed from D.C.

1

Superior Court to this federal court in accordance with 42 U.S.C. §§1441, 1446. See Defendant's Motion at 5.

On October 26, 2007, Defendant filed his motion to dismiss Plaintiff's complaint in accordance with F.R.C.P. 12(B)(6), *inter alia*, for failure to effectuate proper service; Plaintiff's complaint doesn't have a valid Equal Protection claim; and, the Mayor cannot be sued in his official capacity. Id.

## FACTUAL BACKGROUND

Plaintiff brought the instant action for damages and declaratory relief after having suffered injury as an employee of the District of Columbia Public Schools. See Plaintiff's Amended Complaint. Plaintiff contends that Defendant harbors a policy and custom of pay disparity without regards to the duties, responsibilities and location of her job. Id. Further, Plaintiff contends, Defendant's pay disparity policy has and will continue to violate her constitutional rights afforded by the Equal Protection laws of the District of Columbia and the United States in accordance with 42 U.S.C. §1983.

Plaintiff Is Not Precluded From Effectuating Service:

Defendant argues that Plaintiff's complaint should be dismissed for failure to serve Defendant in compliance with Superior Court Rule 4(e)(2) and Federal Rule of Civil Procedure 4(e)(2). (See Defendant's Motion at 5-6). Even assuming, *arguendo*, that Plaintiff has not effectuated service of process pursuant to the D.C. Court Rules, Plaintiff is permitted 120 days to cure any defective service or serve the complaint and summons under F.R.C.P. 4(j), from the time that the state court action is removed into federal court. (See *Bruley v. Lincoln Property Co., N.C., Inc.*, 140 F.R.D., 452, 453 (D.C. Colo. 1991)). Thus, Plaintiff is entitled to serve upon

Defendant the summons and complaint within 120 days from the date of removal, and, Defendant's dispositive motion before this Court is therefore, premature. (See *Goodstein v. Bombardier Capital, Inc*. 167 F.R.D. 662 D.Vt.,(1996), "motion to dismiss on insufficiency of service of process grounds is premature when filed before the expiration of the 120-day time limit"). Accordingly, Plaintiff has 120 days from October 19, 2007, the time in which this action was removed from D.C. Superior Court, to effectuate service of process upon the Defendant in accordance with F.R.C.P. 4(j). Id.

Defendant Fenty Can be Sued in his Official Capacity:

     Defendant then argues that the Mayor is not the proper party. See Defendant's Motion at 6. However, Defendant's argument implies that the Amended Complaint was properly served. As previously stated, the Amended Complaint was never properly executed upon the Mayor's Office or the Office of the Attorney General in compliance with the applicable rule, but will be served and cured accordingly. See F.R.C.P. 4(j). Nonetheless, Plaintiff contends that Mayor Fenty can be sued in his official capacity as the decision maker of the District of Columbia's schools. Moreover, Defendant's reliance upon the holding in *Bell v. City of Washington*, D.C. No. 05-1372, 2006 WL 1933815 (D.D.C. July 10, 2006) is misplaced.

     Here, Plaintiff is not asserting claims against the Mayor because of vicarious liability, but because of his role as a decision-maker regarding the customs and policy of the District of Columbia Public Schools[1]: "*The Mayor shall govern the public schools in the District of Columbia. The Mayor shall have authority over all curricula, operations, functions, budget, personnel, labor negotiations and collective bargaining agreements, facilities, and other*

---

[1] Recently, the Public Education Reform Amendment Act of 2007 was enacted to authorize the Mayor to exercise full control over the District of Columbia Public Schools.

3

*education-related matters.*" See DC-ST 38-72(a). (Emphasis added). See also, *City of St. Louis v. Praprotnik*, 485 U.S. 112, 1988, which held that, "As a general principle, a municipality is not liable under 42 U.S.C. 1983 for the actions of its employees. However, a municipality may be held liable under 42 U.S.C. 1983 if the allegedly unconstitutional act was committed by an official high enough in the government so that his or her actions can be said to represent a government decision." Plaintiff can establish that the gravamen of her injury flows directly from the Mayor's decision-making authority over the District of Columbia Public School's policies. Therefore, as the ultimate decision maker, the Mayor can be sued in his official capacity.

Plaintiff Has a Valid Equal Protection Claim:

Defendant further argues that the Fourteenth Amendment is not applicable to the District of Columbia, because "the Fourteenth Amendment expressly applies only to states; it does not apply to the District of Columbia." (See Defendant's Motion at 8). Defendant cites a fifty-three year old decision as authority for such a proposition. However, the Supreme Court has held that a municipality is a "person" and may be held liable under § 1983. (See *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)).

Also, it is precedent in this circuit that the District of Columbia be treated as a municipality. (See *Haynesworth v. Miller*, 820 F.2d 1245, 1271-72 (D.C.Cir.1987)). Moreover, for purposes of argument, the District of Columbia is subject to the requirements of Fifth Amendment Due Process Clause, which contains equal protection component that is considered substantially the same as Equal Protection Clause of the Fourteenth Amendment. (See *Mitchell v. Yates*, D.D.C.2005, 402 F.Supp.2d 222.)

**CONCLUSION**

Plaintiff is permitted under the Federal Rules of Civil Procedure to serve Defendant within 120 days from the time of the removal action[2]. Therefore, it is premature for this Court to entertain Defendant's 12(b)(6) dismissal motion. See *Goodstein*. Further, and with respect to the merits in her Amended Complaint, Plaintiff has presented more than "labels and conclusions." See *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (May 21, 2007). Plaintiff can establish that there are plausible facts within her claims sufficient to meet the holding in *Twombly*.

For these reasons, Plaintiff asks that Defendant's motion for dismissal is denied in its entirety and this matter is permitted to proceed to litigation on the merits.

Respectfully submitted on behalf of Plaintiff:

_____/S/_____

Dated:  November  19, 2007          Nathaniel D. Johnson, Esq. (MD #14729)
                                    Richard Lloyd Thompson, II, Esq. (D.C. #448816)
                                    The Law Firm of Nathaniel D. Johnson, L.L.C.
                                    3475 Leonardtown Road, Suite 200
                                    Waldorf, MD 20602
                                    301-645 – 9103/301-861-0411 (fax)

---

[2] F.R.C.P. 4(j).

## **PROOF OF SERVICE**

I, the undersign, affirm under penalty of perjury that on this date, November 19, 2007, Plaintiff's Opposition was sent, via ECF, to the following addressee:

Leah Brownlee Taylor Esq.
Attorney for Defendant

/S/
_____
Nathaniel D. Johnson, Attorney for Plaintiff