UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

_____
)
**Zondra Johnson, ET AL.**            )
**4901 Dublin Drive**                 )
**Suitland, MD 20746**                )
                                      )
    **Plaintiffs,**         )
                                      )
    v.                     )
                                      )   **Civil Action No. 07-1890 (RCL)**
**Adrian M. Fenty,**                  )
                                      )
    **Defendant.**          )
_____  )

## DEFENDANT ADRIAN M. FENTY'S REPLY TO PLAINTIFF'S OPPOSITION TO THE DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

Defendant Adrian M. Fenty, by and through undersigned counsel, hereby files his reply to the plaintiff's opposition to his motion to dismiss and states as follows

**I.  Plaintiff Has Failed to Effectuate Proper Service and Comply with the Mandates of 4(e)(2) or 4(m)**

Plaintiff does not dispute that he has failed to serve the Mayor or his agent with a copy of the summons and Complaint pursuant Fed. R. Civ. P. 4(e)(2). *See* Plaintiff's Opposition to the Defendant's Motion to Dismiss (hereinafter "Opposition") at pg. 2-3.  Instead, plaintiff claims that he "is permitted 120 days to cure any defective service form the date that the state court action is removed into federal court" citing *Bruley v. Lincoln Property Co., N.C. Inc*., 140 F.R.D. 452, 453 (D.C. Colo. 1991), a Colorado case, for that proposition. *See* Opposition at pg. 2. Plaintiff's interpretation of the Federal Court Civil Rules and the *Bruley* holding are contrary to the mandates of Fed. R. Civ. P. 4(m) and should not be adopted by this Court. *See Thompson v. Jasas Corporation, et al*., 212 F.Supp 2d. 21, 29 (D.D.C. 2002)( stating that "the *Bruley* holding .

. . has not been adopted in a published decision by any other court" ). Under Fed. R. Civ. P. 4(m), plaintiff must timely serve the defendant within 120 days of filing his complaint. Fed. R. Civ. P. 4(m) expressly states:

> " if service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice. . . .

Fed. R. Civ. P. 4(m). Plaintiff filed his complaint on or about July 30, 2007. *See* Docket[1]. It is now December 6, 2007, more than one hundred and twenty days after the filing of the complaint. Plaintiff's failure to timely serve the defendant within one hundred and twenty days mandates dismissal of this action. Plaintiff's failure to properly or timely serve the named defendant in this litigation requires dismissal of her court action against this defendant.

**B.    Plaintiff's Lawsuit Against the Mayor Cannot Be Maintained in the Mayor's Official Capacity.**

Plaintiff's only express reference to the Mayor in the Amended complaint is " in his official capacity as Mayor, Defendant governs the District of Columbia Public Schools." *See* Amended Complaint at ¶4 (emphasis added). Plaintiff claims that a municipality may be held liable for the acts of an official policy or decision maker, but cites to no authority that the Mayor can be held liable as an official policy maker. *See* Opposition at pg. 4. In addition, other than citing the Mayor's general "authority" over District of Columbia Public Schools, plaintiff's complaint is devoid of any facts that would demonstrate that the Mayor has any policy making authority or decision making authority over what positions are classified as union versus non union at District of Columbia Public Schools, the genesis of plaintiff's claims. *See* Amended Complaint, at pgs. 3-4. *See also* D.C. Official Code §38-172 (2007). The plaintiff's lawsuit is

---

[1] Upon removal, the federal court docket should contain all pleadings filed in Superior Court, including the plaintiff's July 30, 2007 complaint.

nothing more than an official capacity suit, which is disfavored by the courts. *Kentucky v. Graham*, 473 U.S. 159 (1985). *See, e.g. Bell v. City of Washington*, D.C. No. 05-1372, 2006 WL 1933815, at *3 (D.D.C. July 10, 2006)  There are no allegations in the Amended Complaint that reflect Mayor Fenty had any personal knowledge of and/or involvement in the pay disparity alleged by plaintiff.  *See* Amended Complaint generally.

Nevertheless, the complaint is also devoid of any facts or allegations that the Mayor is being sued in his individual capacity. Even if the plaintiff could allege that the Mayor was involved in any constitutional violation that would make him individually liable, the Mayor would be entitled to qualified immunity with regard to that claim.  The purpose of qualified immunity is to protect governmental employees against insubstantial lawsuits that have the following societal costs: l) expenses of litigation; 2) diversion of official energy from pressing public issues; 3) deterrence of able citizens from acceptance of public office; and 4) the possibility that the fear of being sued will dampen the ardor of all but the most resolute individuals. *Harlow v. Fitzgerald*, 457 U.S. 800, 8l4 (l982).  Qualified immunity shields officials, such as defendant Fenty, from liability as long as their action could reasonably have been thought to be consistent with the rights they are alleged to have violated. *Anderson v. Creighton*, 483 U.S. 635, 638 (l987). Qualified immunity thus protects all but the plainly incompetent or those who knowingly violate the law. *See* Anderson, 483 U.S. at 64l.

Plaintiff has failed to pled any facts to show that defendant Fenty acted in any manner that was unreasonable and in violation of any clearly established right pursuant to 42 U.S.C. § 1983.  *See* Amended Complaint, generally. Accordingly, he is qualifiedly immune from suit.

**D.     The Plaintiff's Lawsuit Against the District of Columbia as Substitute Party Cannot Be Maintained.**

Even if the Court were inclined to substitute the District of Columbia as a party defendant, it should not be substituted as the defendant with respect to any alleged violation of " §21 Equal Pay of the Bill of Rights for the D.C. Code" as the plaintiff does not ever challenge defendant's position that this purported statutory law does not exist in the District of Columbia Official Code. *See* Amended Complaint at ¶46. *See* Opposition, generally.  Plaintiff is correct in noting that the District is subject to the requirements of the Fifth Amendment Due Process clause, but not subject to the requirements of the Fourteenth Amendment. *See* Opposition at pg. 4.  Those arguments are academic at best, however, because the plaintiff has failed to effectuate proper or timely service against the Mayor <u>or</u> the District of Columbia under Fed. R. Civ. P. 4 (e)(2) and 4(m). *See* Docket.  Accordingly, plaintiff's lawsuit against the District cannot be maintained and should be dismissed.

WHEREFORE, defendant Adrian M. Fenty seeks dismissal of the instant lawsuit against him with prejudice.

        Respectfully submitted,

        LINDA SINGER
        Attorney General for the District of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General, Civil Litigation Division

        _____/s/_____
        ELLEN EFROS [250746]
        Chief, Equity, Section I

        _____/s/_____
        LEAH BROWNLEE TAYLOR [488966]
        Assistant Attorney General
        441 4th Street, N.W.
        Sixth Floor South

        Washington, D.C. 20001
        (202) 724-7854; (202) 727-6295
        leah.taylor@dc.gov

6